IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ALICIA ANN DUKES, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 3:25-cv-49-TES-CHW |
| | : |
| WALTON COUNTY DETENTION CENTER, *et al.*, | : |
| | : |
| Defendants. | : |

# ORDER

Pending before the Court is a Complaint filed pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff Alicia Ann Dukes, a prisoner in the Pulaski State Prison in Hawkinsville, Georgia (ECF No. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2) and a motion requesting appointed counsel and an extension of time (ECF No. 4). If she wishes to proceed with her claims, Plaintiff must (1) either pay the $405.00 filing fee in full or file a complete and proper motion for leave to proceed IFP and (2) supplement or amend her Complaint in accordance with the directions below within **FOURTEEN (14) DAYS** of the date of this Order. Plaintiff's motion for appointed counsel and for an extension of time (ECF No. 4) is **DENIED.**

## MOTION FOR LEAVE TO PROCEED IFP

Plaintiff filed a motion for leave to proceed IFP in this case. The Court has reviewed this motion and finds it is incomplete. A prisoner seeking leave to proceed IFP must submit (1) an affidavit in support of her claim of indigence and (2) "a certified copy of [her] trust

fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Plaintiff did not file a certified copy of her trust fund account information.[1] Without this information, the Court cannot determine whether Plaintiff is entitled to proceed IFP or calculate the average monthly deposits or the average monthly balance in Plaintiff's prison trust account as required by 28 U.S.C. § 1915. *See id.* (requiring the district court to assess an initial partial filing fee when funds are available). Plaintiff is thus **ORDERED** to either pay the Court's $405.00 filing fee in full or submit a complete and proper motion to proceed IFP, which should include a certified copy of her trust fund account statement for the six months prior to the filing of the Complaint in this action. The Clerk is **DIRECTED** to provide Plaintiff with a copy of the appropriate forms for this purpose, marked with the case number for this case.

## ORDER TO SUPPLEMENT OR AMEND

Plaintiff's Complaint arises from her previous incarceration in the Walton County Detention Center. ECF No. 1 at 1. According to the Complaint, on September 23, 2023, a medical provider gave Plaintiff a "bottom floor bottom bunk" profile because she had a total right knee replacement. *Id.* Plaintiff contends that "the officers in Walton County didn't go by the medical provider" even though she "kept on showing the officers [her] profile." *Id.* On December 31, 2023, Plaintiff slipped in water as she was coming down the stairs, fell, and broke her ankle. *Id.* Plaintiff had to have a rod and screws implanted

---

[1] Plaintiff did request copies of these forms in her motion for appointed counsel. ECF No. 4 at 2.

in her joint as a result. *Id.* She thus claims her injury was caused "due to not going by medical profile." *Id.*

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). This law requires the Court to dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, to state a claim for relief under § 1983, a plaintiff must plausibly allege facts sufficient to show that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).

Plaintiff's Complaint, as pleaded, fails to state a § 1983 claim upon which relief may be granted. She names the "Walton County Detention Center Sherriff [sic] Detention" as the only Defendant in this action. ECF No. 1 at 1. Plaintiff cannot state a claim against the jail itself. *See, e.g., Brannon v. Thomas Cnty. Jail,* 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (per curiam) (noting that a county jail "is not an entity capable of being sued under Georgia law"); *Allen v. Brown,* No. CV 112–052, 2013 WL 1333175, at *3 (S.D.

Ga. March 7, 2013) (noting that "federal courts in Georgia . . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims").

Plaintiff has also failed to identify which Walton County officers ignored her profile or to name any such officers as Defendants. To the extent Plaintiff intended to sue the sheriff, she has not pleaded facts sufficient to state a claim against that individual. Supervisory officials, such as the sheriff, cannot be held liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Christmas v. Nabors*, 76 F.4th 1320, 1330 (11th Cir. 2023). Rather, a supervisor can only be held liable under § 1983 "when he personally participates in those acts or when a causal connection exists between his actions and the constitutional deprivation." *Id.* A causal connection can be established if

> (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so"; (2) "the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights"; or (3) "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."

*Hendrix v Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (alterations in original) (quoting *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008)). Plaintiff has not alleged any facts suggesting a history of widespread abuse, identified any of the sheriff's improper customs or policies that may have led to her injuries, or pleaded any facts showing that the sheriff directed his subordinates to act unlawfully (or knew they were doing so and failed to stop them).

Because Plaintiff is acting *pro se*, the Court will give her an opportunity to amend or supplement her pleading to address these deficiencies. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it."). If Plaintiff wishes to pursue this case, then she is **ORDERED** to amend or supplement her Complaint within **FOURTEEN (14) DAYS** of the date of this Order by including additional facts about her claims. When providing this information, Plaintiff should list each individual or entity she intends to sue in this action on a sheet of paper. Beside each name, Plaintiff should clearly explain how each of these individuals violated her constitutional rights. In doing so, Plaintiff should explain who she told about her medical condition or her profile, what information she provided them, when she provided this information, and what each individual did (or did not do) in response. Plaintiff should also ensure that the case number for this case appears on her amendment/supplement. To survive preliminary review, Plaintiff must allege facts creating "a reasonable expectation" that discovery will reveal evidence to prove her claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## MOTION FOR APPOINTED COUNSEL

Plaintiff also filed a motion for appointed counsel (ECF No. 4). "Appointment of counsel in a civil case is not a constitutional right." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). "A court's appointment of counsel in a civil case is warranted only in exceptional circumstances, and whether such circumstances exist is committed to the district court's discretion." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir.

2013) (citing *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996)). In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that the appointment of counsel is not justified. Although Plaintiff alleges she cannot read or write, ECF No. 4 at 1, she has demonstrated the ability to litigate her case by filing motions and pleadings that set forth her contentions clearly enough to allow this Court to understand her claims. Plaintiff's case is not complex, and at this early stage in the litigation, it is unclear if the case will proceed to trial. Thus, there is no basis to conclude that counsel will be needed for the presentation of evidence or cross examination of witnesses. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [her] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). As such, Plaintiff's

motion for appointment of counsel (ECF No. 4) is **DENIED**.[2] Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting her in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

Plaintiff also requests additional time "to gather evidence and facts to assist the court appointed attorney." ECF No. 4 at 1. As explained above, once Plaintiff complies with this Order, her claims will be reviewed pursuant to the PLRA to determine whether they should proceed for further factual development or be dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A. If some or all of Plaintiff's claims proceed for further factual development, the Court will provide the parties with instructions for engaging in further litigation, including discovery. Accordingly, Plaintiff's request for additional time to "gather evidence and facts" is premature and is **DENIED** as such.

## CONCLUSION

For the foregoing reasons, Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to (1) either pay the Court's filing fee in full or submit a complete and proper motion to proceed IFP, to include a certified copy of her trust fund account

---

[2] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay counsel for their representation or authorize courts to compel counsel to represent an indigent party in a civil action. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (stating that district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915 provides no such authority).

statement and (2) amend or supplement her Complaint in accordance with the directions set forth above. Plaintiff's motion for appointed counsel and for additional time (ECF No. 4) is **DENIED.** Plaintiff is additionally instructed to immediately notify the Court, in writing, of any change in her mailing address. **If Plaintiff does not fully and timely comply with this Order, this action may be dismissed.** There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 11th day of June, 2025.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge