IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ALICIA ANN DUKES, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   Case No. 3:25-cv-49-TES-CHW |
| | : |
| WALTON COUNTY DETENTION CENTER, *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

## ORDER AND RECOMMENDATION

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Alicia Ann Dukes, a prisoner in the Pulaski State Prison in Hawkinsville, Georgia, has submitted her Amended Complaint (ECF No. 6) and a proper and complete motion to proceed *in forma pauperis* ("IFP") (ECF No. 7). After reviewing these documents Plaintiff's motions to proceed IFP are **GRANTED**, and Plaintiff's Eighth Amendment claims against Defendants Mays, Phillips, Bradshaw, Bradox, and Watts may proceed for further factual development.

### MOTION TO PROCEED IFP

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Plaintiff's submissions demonstrate that she is presently unable to pay the cost of commencing this action. Her motions to proceed *in forma pauperis* (ECF Nos. 2, 7) are therefore **GRANTED.**

A prisoner allowed to proceed IFP must still pay the full amount of the $350.00

filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets in her trust account, she must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that she is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that her complaint be filed and that she be allowed to proceed without paying an initial partial filing fee.

I. Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to her prisoner account during the preceding month toward the full filing fee. The Clerk of Court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which she is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of

Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

II.     Plaintiff's Obligations on Release from Custody

Plaintiff should keep in mind that her release from incarceration/detention does not release her from her obligation to pay the installments incurred while she was in custody. Plaintiff must pay those installments justified by the income in her prisoner trust account while she was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if she is able to make payments but fails to do so or if she otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S AMENDED COMPLAINT**

I.     Standard of Review

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v.*

*United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

4

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived her of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of her claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II. Factual Allegations and Plaintiff's Claims

Plaintiff's claims arise from her incarceration in the Walton County Detention Center. ECF No. 6 at 5. According to the Amended Complaint, Plaintiff fell on December 31, 2023, when her knee gave way while she was traversing the stairs between the floor on which her cell was located and a lower floor where she was picking up medicine. *Id.*[1] Plaintiff's ankle was severely broken in the fall, requiring repair with rods and screws. *Id.*; ECF No. 6-1 at 2.

---

[1] The Amended Complaint (ECF No. 6) is the operative pleading in this case. *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (Amended complaint supersedes the original complaint unless the amended complaint specifically refers to or adopts the original complaint). Plaintiff no longer names the Walton County Detention Center as a Defendant in the Amended Complaint. *See* ECF No. 6 at 1, 4. The Clerk is therefore **DIRECTED** to terminate that entity as a Defendant.

5

Plaintiff contends she never should have been housed in a cell on an upper level of the prison because a prison doctor gave her a "lower level" profile on or about September 6, 2023, because of issues with her knee. ECF No. 6-1 at 1; ECF No. 6-2 at 1. The profile required Plaintiff to be housed in a bottom bunk on the lower level until her release from the facility. ECF No. 6-2 at 1. Plaintiff contends that all the prison officers named as Defendants in this action—Mays, Phillips, Bradshaw, Bradox, and Watts—"knew about the profile but refused to do anything to help [her]" despite her repeated requests. ECF No. 1 at 4-5. Plaintiff thus contends that Defendants' actions and inaction caused her injuries and violated her constitutional rights, and as a remedy she appears to seek monetary relief. *Id.* at 6.

A prison official who is deliberately indifferent to an inmate's serious medical needs violates the Eighth Amendment to the United States Constitution. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). To state an actionable claim in this context, a plaintiff must allege facts sufficient to establish: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009).

The first element is objective and requires a plaintiff to set forth a "serious medical need," which is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (citation omitted). A serious medical need can also

6

arise if "a delay in treating the need worsens the condition." *Mann,* 588 F.3d at 1307. "In either case, 'the medical need must be one that, if left unattended, poses a substantial risk of serious harm.'" *Id.* (quoting *Farrow*, 320 F.3d at 1243).

To establish the second element—deliberate indifference—a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade*, 106 F.4th at 1255 (quoting *Farmer*, 411 U.S. at 839). Subjective awareness requires that the defendant "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007) (quoting *Farmer*, 511 U.S. at 837). "[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. Each individual defendant must be judged separately and on the basis of what that person kn[ew]." *Dang ex rel. Dang v. Sheriff, Seminole Cnty. Fla.*, 871 F.3d 1272, 1280 (11th Cir. 2017) (quoting *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008) (alterations in original)). To establish that a particular "defendant acted with 'subjective recklessness as used in the criminal law'" the plaintiff must allege "that the defendant was subjectively aware that his own conduct put the plaintiff at substantial risk of serious harm." *Wade*, 106 F.4th at 1255. Even if a defendant is subjectively aware of a substantial risk of serious harm, however, "he 'cannot be found liable under the Cruel and Unusual Punishments Clause' if he 'responded reasonably to the risk.'" *Id.* at 1262 (quoting *Farmer*, 511 U.S. at 844-45).

7

The final element simply requires "that a defendant have a causal connection to the constitutional harm." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007). "[A]s with any tort claim, [plaintiff] must show that the injury was caused by the defendant's wrongful conduct." *Id.* at 1326. "Causation, of course, can be shown by personal participation in the constitutional violation." *Id.* at 1327.

In this case, Plaintiff states that her knee was swelling that a doctor had given her a bottom-floor profile that was deemed "medically necessary." ECF No. 6-1 at 1; ECF No. 6-2 at 1. Plaintiff also alleges facts indicating that each of the Defendants knew about this "medically necessary" profile and deliberately failed to honor it despite her repeated requests for them to do so. *See, e.g.*, ECF No. 6 at 4-5; ECF No. 6-1 at 1. While these allegations are relatively sparse, they are sufficient at this early stage of the litigation to state an Eighth Amendment medical treatment claim against each of the named Defendants. *See, e.g., Mathews v. Conley*, No. 5:19-cv-405-MTT-MSH, 2020 WL 13876426, at *10 (M.D. Ga. Mar. 25, 2020) (finding that allegations that prison officials knew about inmate's bottom bunk profile but assigned him to a top bunk in a top floor stated deliberate indifference claim for purposes of preliminary screening); *cf. also Burley v. Upton*, 257 F. App'x 207, 210 (11th Cir. 2007) (suggesting that a prisoner could perhaps state a claim for deliberate indifference if "officials knew that he needed a bottom bunk but intentionally kept him in a top bunk"). These claims may therefore proceed for further factual development.

Some courts have also construed claims like Plaintiff's as challenges to the conditions of confinement. *See, e.g., Redding v. Georgia*, 557 F. App'x 840, 843-44 (11th Cir. 2014); *Mathews*, 2020 WL 13876426, at *8. Such claims are likewise "subject to a two-part analysis." *Redding*, 557 F. App'x at 843. The "objective component" of a conditions-of-confinement claim "requir[es] a prisoner to prove the condition they complain of is 'sufficiently serious' to violate the Eighth Amendment, meaning that, at the very least, it presents an unreasonable risk of serious damage to his or her future health or safety." *Id.* at 844 (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004)). The "subjective component" of this type of claim "requires the prisoner to show that the defendant prison officials acted with a culpable state of mind," measured under the same deliberate indifference standard described above. *Id.* Plaintiff's allegations that Defendants knew she had a bottom floor profile but deliberately ignored her requests to honor this profile are thus sufficient, at this early stage, to state an Eighth Amendment claim under this theory as well. *Cf. Redding*, 557 F. App'x at 844 (holding that inmate failed to allege facts sufficient to show deliberate indifference where inmate "did not allege facts showing a culpable state of mind on the defendants' part"); *Mathews*, 2020 WL 13876426, at *8. These claims may also proceed for further factual development.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions to proceed IFP (ECF Nos. 2, 7) are **GRANTED**, and her Eighth Amendment claims against Defendants Mays, Phillips, Bradshaw, Bradox, and Watts may proceed for further factual development.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Mays, Phillips, Bradshaw, Bradox, and Watts, it is accordingly **ORDERED** that service be made on those Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. All Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action,

absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED**, this 11th day of July, 2025.

                                                  s/ Charles H. Weigle
                                                Charles H. Weigle
                                                United States Magistrate Judge