IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **ALICIA ANN DUKES,** | : |
| **Plaintiff,** | : |
| | : Case No. 3:25-cv-49-TES-CHW |
| v. | : |
| **WALTON COUNTY DETENTION CENTER,** | : |
| | : Proceedings Under 42 U.S.C. § 1983 |
| **Defendant.** | : Before the U.S. Magistrate Judge |

## ORDER

Plaintiff Alicia Ann Dukes, *pro se*, filed this suit pursuant to 42 U.S.C. § 1983, regarding her incarceration in the Walton County Detention Center. (Docs. 1, 6). Following screening of Plaintiff's complaint, claims against several defendants were allowed to proceed for factual development. (Doc. 8). Service paperwork was issued to the remaining defendants on July 11, 2025 (Docs. 9), but the docket does not reflect that service has yet been waived or perfected. Now pending before the Court is Plaintiff's request for subpoenas (Doc. 10), in which she requests that the Court subpoena her medical records. This request is insufficient and premature.

In cases involving *pro se* litigants, particularly prisoner litigants, courts have a responsibility to supervise the discovery process. Courts must pay special attention to the use of the subpoena process to obtain third-party discovery under Rule 45. "A court supervising prisoner pro so cases must prevent abuse of its subpoena power and, at the very least, ensure that subpoenas are used for permissible purposes." *Keith v. Mayes*, 2010 WL 3339041, * 1 (S.D.Ga., August 23, 2010) (citing *Poole v. Lambert*, 819 F.2d 1025, 1029 (11th Cir. 1987)). "A *pro se* plaintiff may be entitled to the issuance of a subpoena commanding the production of documents from non-parties upon Court approval." *Wright v. Young*, 2012 WL 3024431, *1 (N.D.Fla., July 24, 2012). A

request for the issuance of a subpoena should be granted only if the request is within the proper scope of discovery and "the documents sought are not equally available from [the defendant] through a request for production of documents." *Id*.

Plaintiff's request is premature, as Plaintiff's medical records are likely within the scope of discovery. As explained in the screening recommendation (Doc. 8, p. 11-12), discovery will not commence in this action until Defendants have been served and answer the complaint. Because Defendants have not yet been served, no answer is due, and discovery has not commenced. Therefore, Plaintiff has not had the opportunity to request these records from Defendants and cannot show that these records are unavailable through the usual discovery process.

Additionally, even if Plaintiff's request for subpoenas were not premature, the request would be insufficient. Plaintiff has failed to provide the information necessary to issue the requested subpoenas. Plaintiff seeks a subpoena for all medical records related to her injury, but her motion provides no name or contact information for any person or entity to which the requested subpoenas would be issued. The Court cannot act as Plaintiff's counsel to investigate or otherwise discover this information.

Based on the foregoing, Plaintiff's request for subpoenas is **DENIED**.

**SO ORDERED**, this 28th day of July, 2025.

                                                  s/ Charles H. Weigle
                                                  Charles H. Weigle
                                                  United States Magistrate Judge