IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ALICIA ANN DUKES, | : |
| Plaintiff, | : |
| | : Case No. 3:25-cv-49-TES-CHW |
| v. | : |
| WALTON COUNTY DETENTION CENTER, | : |
| | : Proceedings Under 42 U.S.C. § 1983 |
| Defendant. | : Before the U.S. Magistrate Judge |

# ORDER

Before the Court is Plaintiff's second motion to request a subpoena (Doc. 22), in which she requests that the Court issue a subpoena for Plaintiff's medical records and to a nurse who was on call at the hospital, presumably while Plaintiff was being treated for the injury related to this case. Because Plaintiff's request in insufficient, Plaintiff's motion to request a subpoena (Doc. 22) are **DENIED**.

Plaintiff Alicia Ann Dukes, *pro se*, filed this suit pursuant to 42 U.S.C. § 1983, regarding her incarceration in the Walton County Detention Center. (Docs. 1, 6). Following screening of Plaintiff's complaint, claims against several defendants were allowed to proceed for factual development. (Docs. 8, 12). Plaintiff's claims relate to Defendants' failure to adhere to Plaintiff's "lower level" profile, which led to a December 31, 2023, fall and injury while Plaintiff was incarcerated. (*Id.*) In her second request for subpoenas, Plaintiff again asks the Court to issue a subpoena for her medical records and to a nurse that would have witnessed Plaintiff's conversation with several Defendants while in the

hospital. (Doc. 22). While the discovery is ongoing, Plaintiff has not resolved any of the deficiencies noted in her prior request for subpoenas.

In cases involving *pro se* litigants, particularly prisoner litigants, courts have a responsibility to supervise the discovery process. Courts must pay special attention to the use of the subpoena process to obtain third-party discovery under Rule 45. "A court supervising prisoner pro so cases must prevent abuse of its subpoena power and, at the very least, ensure that subpoenas are used for permissible purposes." *Keith v. Mayes*, 2010 WL 3339041, * 1 (S.D.Ga., August 23, 2010) (citing *Poole v. Lambert*, 819 F.2d 1025, 1029 (11th Cir. 1987)). "A *pro se* plaintiff may be entitled to the issuance of a subpoena commanding the production of documents from non-parties upon Court approval." *Wright v. Young*, 2012 WL 3024431, *1 (N.D.Fla., July 24, 2012). A request for the issuance of a subpoena should be granted only if the request is within the proper scope of discovery and "the documents sought are not equally available from [the defendant] through a request for production of documents." *Id*.

As previously acknowledged, Plaintiff's medical records may be within the scope of discovery. However, Plaintiff's motion does not address whether she has sent Defendants any discovery request, including requests for these records and information, and, therefore, has not shown that these records are unavailable through the usual discovery process. Additionally, the instant request, like the prior request, is insufficient in that Plaintiff has failed to provide *any* information necessary to issue the requested subpoenas. For example, she provides no name or contact information for any person or entity to which the requested subpoenas would be issued other than a hospital name and presumably the

2

name of a surgeon. The Court is not obligated to act as Plaintiff's counsel to investigate or otherwise discover this information and learn to whom a subpoena should be issued.

Based on the foregoing, Plaintiff's request for a subpoena (Doc. 22) is **DENIED**.

**SO ORDERED**, this 12th day of November, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
